## POST *v.* VOORHEES.

1. TRIAL—INSTRUCTIONS NOT BASED ON EVIDENCE.

Where plaintiff in his pleadings based his claim upon an alleged sale of property at a specified price, and presented his proofs on that theory, an instruction that, if the jury should find that defendant was to take the property and dispose of it, and account to plaintiff after deducting an amount due, and that the value of the property was not agreed upon, the jury might fix its value, and render judgment for the balance, was erroneous.

2. SAME—ACTION ON CONTRACT—EVIDENCE OF REASONABLENESS.

A party who declares upon a contract cannot support it by evidence of its reasonableness until the adverse party has attacked it as unreasonable.

3. SAME—IRRELEVANT TESTIMONY—DUTY TO EXCLUDE.

In an action to recover the purchase price of property, evidence by the plaintiff regarding his purchase of the same, and the amount of money he then had, which had no bearing upon the question whether or not the contract sued on was executed, should have been excluded.

4. SAME—INCONSISTENT CONTENTIONS.

A claim that deeds and a bill of sale executed by the plaintiff to the defendant were mortgages, and that the plaintiff's

remedy was by foreclosure, is inconsistent with a plea admitting a sale of the property, and with the introduction in evidence by the defendant of a written release of all interest in the land, executed by the plaintiff.

Error to Gratiot; Daboll, J. Submitted October 4, 1898. Decided October 18, 1898.

*Assumpsit* by Philemon H. Post against Jacob A. Voorhees upon an alleged contract of sale. From a judgment for plaintiff, defendant brings error. Reversed.

Plaintiff's declaration contains the common counts in *assumpsit*, and a special count alleging the sale of certain described lands by the plaintiff to the defendant for what they were reasonably worth, and alleges their value to be $3,000. Defendant demanded a bill of particulars, which was furnished, containing various items of personal property, stock, and farm implements, aggregating $792.25. Defendant demanded a more specific bill of particulars, and also a more particular statement of the transaction contained in the special count. Plaintiff furnished an additional bill of particulars, containing a long list of the personal property, without any value attached, and then specifically set forth an agreement that the land, which was a farm, and the personal property, were agreed to be worth the sum of $4,000, and that, in consideration of the sale, transfer, and delivery of the same to the defendant, he (the defendant) had agreed to pay plaintiff therefor the sum of $4,000. The defendant, with his plea of the general issue, denied any such agreement, claimed a full and complete settlement, and that the land and personal property were conveyed to him for the amount he had advanced to plaintiff, and for which he held a mortgage upon the land for $1,300, and chattel mortgages upon the personal property for other sums. The total of plaintiff's indebtedness to Voorhees was $2,460.74. The jury rendered a verdict for plaintiff for $1,121.12. Plaintiff's counsel, in opening his case to the jury, based his claim

for recovery upon the contract for $4,000, less the amount
due from plaintiff to defendant, and plaintiff testified to it.

*J. Lee Potts* (*Cahill & Wood*, of counsel), for ap-
pellant.

*John T. Mathews* (*W. A. Bahlke*, of counsel), for
appellee.

Grant, C. J. (*after stating the facts*).  1. In one por-
tion of his charge the learned circuit judge instructed the
jury that, if they should find the arrangement to be that
defendant was to take the property, and dispose of it, or
keep it, and account to plaintiff for the balance after pay-
ing what was due defendant, and the value of the property
was not agreed upon, the jury might fix the value, deduct
the amount due from plaintiff, and render judgment for
the balance.   Evidently the jury adopted this theory, for,
if they found the contract as stated by the plaintiff, he
was entitled to recover over $1,500.   There was only one
theory upon which the plaintiff could recover under his
pleadings and proof, and that was a sale at the agreed
price of $4,000.   The above instruction was therefore
erroneous.

2. Plaintiff was permitted on his case in chief to state
the value of the land and of the items of personal property
sold.   This was not competent.   If the defendant had
introduced evidence tending to show that the value of the
property was very much less than the price plaintiff
claimed was agreed upon, for the purpose of showing the
improbability of the contract, plaintiff would, of course,
have been entitled to rebut it.   But a plaintiff cannot sup-
port his contract by evidence of its reasonableness until
the defendant has attacked it as unreasonable.

3. Plaintiff was permitted to testify to his purchase of
this 80 acres, the amount of money he then had, and cer-
tain dealings between him and the defendant.   These
things had no bearing upon the question whether or not
the contract plaintiff relied upon was made, and should

have been excluded. Some of them might very naturally tend to prejudice the jury against the defendant.

4. It is claimed by the defendant that the deeds and a bill of sale executed by plaintiff to defendant were in fact mortgages, and that plaintiff's only remedy was in a court of equity to foreclose them. This claim is inconsistent with the defendant's plea and notice. Both parties, by their pleadings, admitted a sale of the real and personal property, and defendant introduced a written release of all interest in the land, executed by plaintiff. The case was properly left to the jury upon this point.

Judgment reversed, and new trial ordered.

The other Justices concurred.